**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUETATCHEW FIKROU,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>MONTGOMERY COUNTY OFFICE OF CHILD SUPPORT ENFORCEMENT DIVISION; et al.,<br><br>     Defendants-Appellees. | No. 16-15669<br><br>D.C. No. 2:15-cv-01297-GMN-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted August 9, 2017[**]

Before:  SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Guetatchew Fikrou appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims stemming from

defendants' enforcement of a child support order. We have jurisdiction under 28

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Fikrou's action was proper because Fikrou failed to allege facts sufficient to establish that the district court had personal jurisdiction over any defendant. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121-23 (2014) (discussing the requirements for specific personal jurisdiction and explaining that "the plaintiff cannot be the only link between the defendant and the forum"); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (requirements for general personal jurisdiction). To the extent the district court erred by denying Fikrou's motion for reconsideration contending that the *Rooker-Feldman* doctrine was inapplicable to his claims of extrinsic fraud, any error was harmless because dismissal was proper for lack of personal jurisdiction.

The district court did not abuse its discretion by denying leave to amend the complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**